UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RAYMOND SCHMITZ, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:17 CV 1860 JMB |
| | ) | |
| JOHNSON & JOHNSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court is Plaintiffs' Motion to Remand. (ECF No. 13) The issues raised in this Motion have been fully briefed, and all current parties have consented to the jurisdiction of the undersigned United States Magistrate Judge under 28 U.S.C. § 636. (ECF No. 40) For the reasons explained below, the Court will grant Plaintiffs' motion and remand the case to the Twenty-Second Circuit Court of the State of Missouri for further proceedings. All other motions pending in this matter will be denied as moot.

I.   Background

This is one in a series of consumer injury cases filed against Defendants in connection with ovarian cancers alleged to have been caused by use of talc-based products. This particular case was filed September 4, 2015 in the Twenty-Second Circuit Court in St. Louis, Missouri. (ECF No. 18) At the time of removal, the plaintiff group consisted of 74 individuals from 32 states, including Missouri and New Jersey. (ECF No. 14) Nine plaintiffs subsequently filed voluntary dismissals of their claims. (ECF Nos. 19-27)

Defendants Johnson & Johnson and Johnson & Johnson Consumer, Inc. (collectively "Johnson & Johnson Defendants") filed for removal on June 29, 2017, with the consent of their fellow defendants. (ECF Nos. 1, 1-3) They assert that there is federal subject-matter jurisdiction

on the basis of 28 U.S.C. § 1332 diversity jurisdiction. Defendants assert that there is complete diversity between the parties, despite the presence of plaintiffs from the state of New Jersey, home of the Johnson & Johnson Defendants. In an attempt to address this issue, a motion to dismiss these and the other non-Missouri plaintiffs was filed in conjunction with removal. (ECF No. 4) Defendants argue that the non-Missouri plaintiffs have been misjoined because they have no connections to the State of Missouri and that the Court thus lacks personal jurisdiction over them.

Defendants assert that the Court should decide the issue of personal jurisdiction before the issue of subject-matter jurisdiction in light of the recent Supreme Court decision in <u>Bristol-Meyers Squibb Co. v. Superior Ct. of California</u>, 137 S. Ct. 1773 (June 19, 2017). Based on <u>Bristol-Meyers</u>, the Defendants would have the Court dismiss the non-Missouri plaintiffs for lack of personal jurisdiction, which would in turn result in a group of remaining plaintiffs completely diverse from the Defendants.

Plaintiffs have moved for remand, asserting that removal was time-barred by the provisions of 28 U.S.C. § 1446(c).

II. <u>Legal Standard</u>

"A defendant may remove a state law claim to federal court only if the action originally could have been filed there." <u>In re Prempro Prods. Liab. Litig.</u>, 591 F.3d 613, 619 (8th Cir. 2010). <u>See also</u> 28 U.S.C. § 1441(a). After removal, a party may move to remand the case to state court, and the case should be remanded if it appears that the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The party invoking federal jurisdiction and seeking removal bears the burden of establishing federal jurisdiction, and all doubts about federal

jurisdiction are resolved in favor of remand. <u>Central Iowa Power Co–op, v Midwest Indep. Transmission Sys. Operator, Inc.</u>, 561 F.3d 904, 912 (8th Cir. 2009).

    III.    <u>Discussion</u>

Generally speaking, a defendant in a state court case seeking to move the matter to federal court must file for removal within 30 days after it receives a copy of the initial pleading or after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever is shorter. 28 U.S.C. § 1446(b)(1).

The statute makes an exception for cases which are not removable based on an initial pleading but later developments reveal potential federal jurisdiction. Specifically, a defendant may still file for removal in such a case within 30 days "after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

There is, in turn, a limitation to this exception. When subject-matter jurisdiction in a potential delayed-removal situation is premised on diversity of the parties, it may not be removed if it is more than one year after commencement of the case "unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). In Missouri, a civil action is commenced by filing a petition. Mo. R. Civ. P. 53.01.

As noted above, the instant matter was filed on September 4, 2015. According to the Missouri State Court records, the Johnson & Johnson Defendants were served on October 8, 2015. A notice of removal would normally have been due no later than November 9, 2015.

Defendants assert that their removal was timely under the Section 1446(b)(3) exception to the normal rule, citing the decision in Bristol-Meyers and the subsequent declaration of a mistrial in another St. Louis talcum powder case (Swann v. Johnson & Johnson, 1422-CC09326-01) as orders or "other paper" showing that the case was suddenly removable 20 months after the normal window for such motions closed and thus triggering a new 30-day window.

As an initial matter, the undersigned notes that courts in this Circuit generally do not interpret rulings in unrelated cases as orders or "other paper" in the context of late removal, even when the ruling is from a superior court. See Black v. Brown & Williamson Tobacco Corp., 4:05CV01544 ERW, 2006 WL 744414, at *5 (E.D. Mo. Mar. 17, 2006); Johansen v. Employee Benefit Claims, Inc., 668 F.Supp. 1294, 1297 (D. Minn. 1987); and Holiday v. Travelers Ins. Co., 666 F.Supp. 1286, 1290 (W.D. Ark. 1987).

Even assuming *arguendo* that the outcomes in Bristol-Meyers and Swann were sufficient to trigger a new 30-day removal period for some cases, this case would still not be eligible for removal due to the one-year-from-commencement limitation under 28 U.S.C. §1446(c). The case was initiated in September 2015. Removal was not attempted until June 2017. Removal was therefore untimely on its face.

The Johnson & Johnson Defendants argue that the bad-faith exception to the one-year limitation applies. Specifically, they assert that Plaintiffs' bad faith

> is apparent in the continued filing by the same plaintiffs' counsel of sprawling lawsuits involving out-of-state plaintiffs in Missouri state court, in an attempt to concentrate the overwhelming majority of talcum powder lawsuits in a single, plaintiff-friendly state court based on a theory of personal jurisdiction that lacked merit from the outset and has now been expressly rejected by the Supreme Court in Bristol-Myers

(ECF No. 36 at 9)  This argument is unavailing.  As noted in a number of recent decisions by other courts in this District remanding similar cases on the same basis, the state of the law before Bristol-Meyers was that such multi-state groupings were permissible.  See, e.g., Anglin, et al., v. Johnson & Johnson, et al., 4:17-CV-01844-JAR, 2017 WL 3087672, at *2 (E.D. Mo. July 20, 2017); Livaudais, et al. v. Johnson & Johnson, et al., 4:17-CV-1851 SNLJ, 2017 WL 3034701, at *2 (E.D. Mo. July 18, 2017).  The undersigned agrees with the logic expressed in these cases.  It is difficult to say that a party has acted in bad faith when the action was consistent with the jurisprudence then in force.  Defendants operated under the same reasoning in choosing not to attempt removal at the start of the case because such an act would have been futile under the case law of the time.

In the absence of bad faith or waiver by Plaintiffs, the limitations on removal imposed by 28 U.S.C §1446 bar removal in this instance.  This determination is consistent with the treatment of functionally-identical cases by the other courts of this District.  See Livaudais and Anglin, supra.  See also Swann, et al. v. Johnson & Johnson, et al., 4:17-cv-01845-SNLJ (E.D. Mo. July 18, 2017);  Ingham, et al. v. Johnson & Johnson, et al., 4:17-cv-01857-SNLJ (E.D. Mo. July 18, 2017);  Dunn, et al. v. Johnson & Johnson, et al., 4:17-cv-01846-JAR (E.D. Mo. July 20, 2017); Forrest, et al. v. Johnson & Johnson, et al., 4:17-cv-01855-JAR (E.D. Mo. July 20, 2017); Timms, et al. v. Johnson & Johnson, et al., 4:17-cv-01859-JAR (E.D. Mo. July 20, 2017);  Hall, et al. v. Johnson & Johnson, et al., 4:17-cv-01843-RWS (E.D. Mo. July 21, 2017);  McCullen, et al. v. Johnson & Johnson, et al., 4:17-cv-01852-RWS (E.D. Mo. July 21, 2017);  Loyd, et al. v. Johnson & Johnson, et al., 4:17-cv-01853-RWS (E.D. Mo. July 27, 2017);  Farrar, et al. v. Johnson & Johnson, et al., 4:17-cv-01854-CDP (E.D. Mo. August 2, 2017); Littlejohn, et al. v.

Janssen Research & Development, LLC, et al., 4:17-cv-02009-CDP (E.D. Mo. August 2, 2017); and Young, et al. v. Johnson & Johnson, et al., 4:17-cv-01861-ERW (E.D. Mo August 3, 2017).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Remand is **GRANTED,** and the case shall be **REMANDED** to the Twenty-Second Circuit Court in the City of St. Louis, Missouri for further proceedings. A separate Order shall issue to that effect.

**IT IS FURTHER ORDERED** that all other pending motions are hereby **DENIED as moot**.

Dated this 10th day of August, 2017

/s/ *John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE